UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**KAMARIA LYNN WILLIAMS, on behalf of herself and all others similarly situated,**

    **Plaintiffs,**

v.   Case No.:

**RIBBON HOME, INC. f/k/a, ACHIEVE, INC.,**

    **Defendant.**

_____/

## CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

Named Plaintiff KAMARIA LYNN WILLIAMS ("Plaintiff Williams"), on behalf of herself and all others similarly situated (collectively "Plaintiffs"), by and through undersigned counsel, hereby sues Ribbon Home, Inc. f/k/a Achieve, Inc. ("Defendant"), and state as follows:

## NATURE OF ACTION

1. This is a class action for collection of unpaid wages and benefits for sixty (60) calendar days pursuant to the Workers Adjustment and Retraining Notification Act of 1988, 29 U.S.C. § 2101 *et seq.* ("WARN Act").

2. The Defendant is liable under the WARN Act for the failure to provide the Plaintiffs at least sixty (60) days advance notice of their termination as required by the WARN Act.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 1331 and 29 U.S.C. § 2104(a)(5).

4. Venue is proper in the Middle District of Florida because the events giving rise to this action occurred in Pasco County, Florida, which lies in the Middle District.

5. This Complaint is filed as a class action under the Federal Rules of Civil Procedure 23.

6. Plaintiff Williams is a resident of Pasco County, Florida and was employed by Defendant until her termination without cause on or about November 21, 2022.

7. Defendant is a Foreign Profit Corporation with its principal place of business in New York, New York.

8. Defendant employees and transacts business in this district.

9. At all times material to this Complaint, Plaintiffs were "employees" of the Defendant subject to the requirements of the WARN Act.

10. At all times material to this Complaint, Defendant was an "employer" subject to the requirements of the WARN Act.

## STATEMENT OF FACTS

11. Plaintiff's employment with Defendant began on or about April 11, 2022 as a transaction coordinator.

12. Plaintiffs' employment with the Defendant was terminated as part of a "mass layoff" as defined by the WARN Act, for which they were entitled to receive sixty (60) days advance written notice under the WARN Act from the Defendant.

13. Defendant failed to provide their full-time employees and part-time employees with the sixty-day notice required under the WARN Act prior to terminating more than one hundred (100) of those workers on or around November 21, 2022.

14. Pursuant to the WARN Act, Plaintiff Williams maintains this action on behalf of herself and on behalf of each of the other similarly situated former employees of Defendant.

15. Each of the other similarly situated former employees is similarly situated to Plaintiff Williams in respect to their rights under the WARN Act.

16. Defendant was required by the WARN Act to give Plaintiff Williams and other similarly situated former employees or their representatives at least sixty (60) days written notice of their respective termination.

17. Defendant did not issue a WARN Act notice.

18. Defendant failed to pay Plaintiff Williams and the other similarly situated former employees their respective wages, salary, commissions, bonuses, accrued holiday or vacation pay which would have accrued for sixty (60) days following their respective termination without notice and failure to make 401(k) contributions and provide them with health insurance coverage and other employee benefits.

19. Plaintiff Williams and the other similarly situated former employees worked for Defendant during the statutory period.

20. Plaintiff Williams has satisfied all conditions precedent, or they have been waived.

21. Plaintiff Williams has hired the undersigned attorney and agreed to pay him a fee.

22. Plaintiff Williams requests a jury trial for all issues so triable.

## RULE 23 CLASS ACTION ALLEGATION

23. Plaintiff Williams asserts a Rule 23 class claim on behalf of the Putative Class as defined follows:

> **All persons who worked for Defendant and were terminated without cause by Defendant as part, or as the reasonably foreseeable result, of a mass layoff ordered by the Defendant (the "Class") on or about November 21, 2022.**

24. The number of persons in the Putative Rule 23 Class here is so numerous that joinder of all such persons would be impracticable. While the exact number and identities of all such persons are unknown to Plaintiff Williams at this time and can only be obtained through appropriate discovery, Plaintiff Williams is informed and believes, and on the basis alleges, that the Putative Rule 23 Class herein includes over one hundred seventy (170) persons.

25. Disposition of Plaintiff Williams' claims in a class action will benefit all parties and the Court.

26. There is a well-defined community of interest presented by the Putative Rule 23 Class herein in that, among other things, each member of the Putative Rule 23 Class has an interest in collecting unpaid wages, obtaining other appropriate legal relief for the harm of which Plaintiff Williams complains, and obtaining other adequate compensation for the common damages which Plaintiff Williams and all other persons similarly situated have suffered as a result of the Defendant's actions.

27. A class action in this case is superior to any other available method for the fair and efficient adjudication of the claims presented herein.

28. The prosecution of separate actions by individual members of the Putative Rule 23 Class herein would create a risk of inconsistent and/or varying adjudications with respect to individual members of the Putative Rule 23 Class which may establish incompatible standards of conduct for Defendant and which

would also create a risk of adjudications with respect to individual members of the Putative Rule 23 Class herein which would, as a practical matter, be dispositive of the interest of other members of the Putative Rule 23 Class not parties to the particular individual adjudications, and/or may substantially impede or impair the ability of those other members to protect their interest.

29. Common questions of law and fact exist in this case with respect to the Putative Rule 23 Class which predominate over any questions affecting only individual members of the Class and which do not vary between members thereof.

30. At some time during the Class Period, all of the individuals in the Putative Rule 23 Class herein have been employed by the Defendant and were terminated and denied wages under the WARN Act.

31. A class action is superior to other available methods for the fair and efficient adjudication of this controversy, particularly in the context of WARN Act litigation, where the individual Plaintiff Williams and class members may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant.

32. There are questions of law and fact common to the Class Members that predominates over any questions solely affecting individual members of the Class, including but not limited to:

    a. Whether the Class Members were employees of the Defendant; and

  b. Whether the Defendant ordered the termination of the employment of each of the Class Members without cause on their part and without giving them sixty (60) days advance written notice as required by the WARN Act.

33. The claims of the named Plaintiff in this case are typical of those of the other Class Members which she seeks to represent, in that, among other things, Plaintiff and each other Class Member have sustained damages and are facing irreparable harm because of, and arising out of, a common course of conduct engaged in by the Defendant as complained of herein.

34. The claims of the named Plaintiff herein are coincident with, and not antagonistic to, the claims of other Class Members which the named Plaintiff seek to represent.

35. The named Plaintiff herein will fairly and adequately represent and protect the interest of the members of the Putative Class which she seeks to represent. Plaintiff Williams does not have any interest which are antagonistic to the interest of the Putative Class herein.

36. Counsel for Plaintiff Williams is experienced, qualified, and generally able to conduct complex class action litigation.

37. The relief sought in this action is necessary to restore members of the Putative Class the money and property which the Defendant have illegally acquired through the unlawful treatment of each Class Member as described herein.

38. Plaintiff Williams intends to send notice to all members of the Putative Class to the extent required by Fed. R. Civ. P. 23. The names and addresses of the Putative Class Members are available from Defendant's records.

### Count I – WARN ACT VIOLATIONS CLASS ACTION CLAIM

39. All allegations prior to Count I are reallaged and incorporated herein.

40. At all relevant times, the Defendant employed 100 or more employees, exclusive of part-time employees, or employed 100 or more employees who in the aggregate worked at least 4,000 hours per week exclusive of hours of overtime within the United States as defined by the WARN Act.

41. At all relevant times, the Defendant was an "employer" of the Class Members as that term is defined by the WARN Act.

42. On or about November 21, 2022, the Defendant ordered a "mass layoff" as that term is defined by the WARN Act.

43. The Defendant's actions resulted in an "employment loss", as that term is defined by the WARN Act, for at least 33% of its workplace and at least 50 of its employees excluding (a) employees who worked less than six of the twelve months prior to the date WARN notice was required to be given and (b) employees who

worked an average of less than 20 hours per week during the 90-day period prior to the date WARN notice was required to be given.

44. The Defendant's termination of the Plaintiff's and the Class Members' employment constituted a "mass layoff" as defined by the WARN Act.

45. The Plaintiff and each of the Class Members, who were employed by the Defendant and then terminated by the Defendant as a result of the Defendant's executing a "mass layoff", were "affected employees" as defined by the WARN Act.

46. The Plaintiff and each of the Class Members are "aggrieved employees" of the Defendant as that term is defined by the WARN Act.

47. Pursuant to the WARN Act, the Defendant was required to provide sixty (60) days prior written notice of the termination, or notice as soon as practicable, to the affected employees, or their representative, explaining why the sixty (60) day prior notice was not given.

48. The Defendant failed to give at least sixty (60) days prior notice of the termination in violation of the WARN Act.

49. The Defendant failed to pay the Plaintiff and each of the Class Members their respective wages, salary, commissions, bonuses, accrued holiday pay and accrued vacation for sixty (60) working days following their respective termination, and failed to make the pension and 401(k) contributions, provided other employee

benefits under ERISA, and pay their medical expenses for sixty (60) calendar days from and after the dates of their respective terminations.

50. As a result of the Defendant's failure to pay wages, benefits and other monies as asserted, the Plaintiff and Class Members were damaged in an amount equal to the sum of the members' unpaid wages, accrued holiday pay, accrued vacation pay, accrued sick leave pay and benefits which would have been paid for a period of sixty (60) calendar days after the date of their termination.

**WHEREFORE,** Plaintiff and Class Members demand trial by jury and judgement against the Defendant as follows:

a) An amount equal to the sum of unpaid wages, salary, commissions, bonuses, accrued holiday pay, accrued vacation pay and 401(k) contributions and other ERISA benefits in accordance with the WARN Act, 29 U.S.C§ 2104(a)(1)(A);

b) Certification that, pursuant to Fed. R. Civ. P. 23 (a) and (b) and the WARN ACT, Plaintiff and other similarly situated former employees constitute a single class;

c) Interest as allowed by law on the amounts owed under the preceding paragraphs;

d) The reasonable attorneys' fees and the cost and disbursements the Plaintiffs incur in the prosecuting this action, as authorized by the WARN Act;

e) Civil penalties in the maximum amount per employee, as provided by the WARN Act; and

f) Such other and further relief as this Court may deem just and proper.

## JURY TRIAL DEMAND

Plaintiff hereby requests a trial by jury on all triable issues herein.

Respectfully submitted by:

/s/ Jason B. Woodside
Jason B. Woodside, Esq.
FL Bar No. 104848
Woodside Law, P.A.
100 South Ashley Drive
Suite 600
Tampa, FL 33602
T: (813) 606-4872
F: (813) 333-9845
Email: Jason@woodsidelawpa.com
*Counsel for Plaintiff*