UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KAMARIA LYNN WILLIAMS,

     Plaintiff,

v.                                 Case No: 8:22-cv-2873-JLB-JSS

RIBBON HOME, INC.,

     Defendant.

_____/

## <u>ORDER TO SHOW CAUSE</u>

Plaintiff moves the court to strike Defendant's Answer for failure to comply with Middle District of Florida Local Rule 2.02(b)(2). (Motion, Dkt. 28). Upon consideration, the Motion is granted to the extent that Defendant is directed to show cause as to why its Answer should not be stricken for failure to comply with this court's orders.

On December 19, 2022, Plaintiff filed her Complaint. (Dkt. 1.) On February 21, 2023, Defendant filed its Answer through counsel. (Dkt. 21.) On May 23, 2023, Defendant's counsel moved to withdraw. (Dkts. 23, 25.) After granting counsel's withdrawal, Defendant was permitted twenty-one (21) days to obtain new counsel. (Dkt. 26.) Defendant was further provided notice that, as a corporation, it could not proceed pro se before the court, and that it must promptly retain counsel. (*Id.*); *see* M.D. Fla. Local R. 2.02(b)(2). Moreover, Defendant was warned that failure to obtain replacement counsel could result in the entry of default. (*Id.*) Notwithstanding,

Defendant failed to retain counsel within the time provided.  As a result, Plaintiff now moves to strike Defendant's Answer "so Plaintiff may then move for a clerk's default and, eventually, file a Motion for a Default Judgment."  (Dkt. 28 at 2.)

Federal Rules of Civil Procedure 16(f) and 37(b)(2) allow the court to sanction a party for failure to obey a pretrial order, including entry of a default against the offending party.  *Glanzrock v. Patriot Roofing Indus., Inc.*, No. 8:07-cv-535-T-33MAP, 2008 WL 3833950, at *1 (M.D. Fla. Aug. 15, 2008).  Rule 16(f)(1)(C) specifically provides that "[o]n motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party . . . fails to obey a scheduling or other pretrial order."  Sanctions under Rule 37(b)(2)(A) include striking the pleadings in whole or in part, dismissing the case in whole or in part, and "rendering a default judgment against the disobedient party."

Here, Defendant was represented when its Answer was filed.  As such, Plaintiff's reliance on *Colony Ins. Co. v. Total Contr. & Roofing, Inc.*, 2010 U.S. Dist. LEXIS 129497, 6 (S.D. Fla. Dec. 7, 2010) is inapposite.  Notwithstanding, Plaintiff is correct that Defendant may not continue in this action without counsel and moreover, that Plaintiff has disregarded the court's prior instructions.  Thus, out of an abundance of caution and in the interest of justice, the court **GRANTS** Plaintiff's Motion to the extent that, despite Defendant's failure, Defendant will be given another opportunity to comply.

Accordingly, Defendant must **SHOW CAUSE** by a written response, on or before July 20, 2023, why the court should not, in its discretion, strike Defendant's

Answer and enter a clerk's default.   *See, e.g.*, *Hamilton v. Pub Brands, LLC*, No. 8:22-cv-344-KKM-MRM, 2022 WL 12022785, at *2 (M.D. Fla. Oct. 5, 2022), *report and recommendation adopted*, 2022 WL 11820166 (M.D. Fla. Oct. 20, 2022); Fed. R. Civ. P. 16(f); Fed. R. Civ. P. 37(b)(2).   Any failure to comply with this Order may subject Defendant to dismissal, default, or other sanctions, as appropriate.

**ORDERED** in Tampa, Florida, on July 12, 2023.

_____
JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record
Unrepresented Parties