UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KAMARIA LYNN WILLIAMS, on
behalf of herself and all others
similarly situated,

      Plaintiff,

v.                                                                                  Case No:   8:22-cv-2873-JLB-JSS

RIBBON HOME, INC. f/k/a,
ACHIEVE, Inc.,

      Defendant.

## ORDER

Before the Court is Plaintiff's Renewed Motion to Strike Defendant's Answer for Failure to Comply with Local Rule 2.02(b)(2) and Motion to Extend Plaintiff's Motion for Class Certification Deadline. (Doc. 30).  Defendant is a corporation. (Doc. 1 at ¶ 7; Doc. 21 at ¶ 7).  On June 6, 2023, the Court granted Defendant's initial counsel's Motion to Withdraw.  (Doc. 26).  The Court also gave Defendant 21 days to find new counsel, (*id.*), but Defendant failed to do so.  On July 12, 2023, Defendant was given another opportunity to comply, (Doc. 29), but again, Defendant failed to do so.  To date, Defendant has failed to retain counsel and to have its counsel file a notice of appearance.

Local Rule 2.02(b) states that "[a] party, other than a natural person, can appear through [a] lawyer only." M.D. Fla. L. R. 2.02(b); *see also Broad. Music, Inc.*

*v. Blood Hound Brew, LLC*, No. 6:14-CV-1705-ORL-22KRS, 2014 WL 12623799, at *1 (M.D. Fla. Dec. 3, 2014) ("[A] corporation, including a limited liability company, may appear and be heard only through counsel admitted to practice in this Court ...."); *Lucibello v. Shamar Enterprises, LLC*, No. 2:07-CV-431-FTM-34DNF, 2008 WL 686229, at *2 (M.D. Fla. Mar. 10, 2008) ("Non-natural persons or artificial entities such as corporations, partnerships, and associations, may appear in federal court only through licensed counsel.").

Under Federal Rule of Civil Procedure 16(f)(1), "the court may issue any just orders, including those authorized by Rule 37(b)(2) (A)(ii)-(vii), if a party or its attorney ... (C) fails to obey a scheduling or other pretrial order." Included as sanctions under Rule 37(b)(2)(A)(ii)-(vii), and under Federal Rule of Civil Procedure 16(f) by incorporation, are orders "(iii) striking pleadings in whole or in part." The Court previously noted in its July 12, 2023 Order that "[a]ny failure to comply with this Order may subject Defendant to dismissal, default, or other sanctions, as appropriate." (Doc. 29 at 3).

As Defendant has failed to obtain successor counsel, despite ample warning and opportunity to do so, it is appropriate to strike Defendant's Answer to Plaintiff's Complaint. Further, Plaintiff's deadline to file a Motion for Class Certification shall be extended until 120 days after Plaintiff either obtains a default judgment or is able to obtain sufficient discovery from Defendant to support a well-briefed Motion for Class Certification.

Accordingly, the Clerk of Court is **DIRECTED** to **STRIKE** Defendant's Answer and Affirmative Defenses to Plaintiff's Complaint (Doc. 21).  Plaintiff may file a Motion for a Clerk's Default on or before August 18, 2023.

**ORDERED** at Tampa, Florida on August 11, 2023.

JOHN L. BADALAMENTI
UNITED STATES DISTRICT JUDGE